UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  AUG 20 2008  ★

BROOKLYN OFFICE

------------------------------------------------------X

KALEEK JAMAL CROSS,

                **Plaintiff,**

        Civil Action No.:

      **-against-**

**COMPLAINT**

**THE CITY OF NEW YORK, AND THE NEW YORK
CITY POLICE DEPARTMENT, POLICE OFFICER
DONNELL MYERS SHIELD#10314, POLICE OFFICER
JOSEPH CRUZADO, SERGEANT DIGENNERO, POLICE
OFFICER HINTEMAN TAX REG.#931733, AND
OTHER JOHN DOE(S) POLICE OFFICER AND OTHER
UNIDENTIFIED NEW YORK CITY POLICE OFFICERS,**

GLEESON, J.

                **Defendants**

------------------------------------------------------X

      Plaintiff KALEEK JAMAL CROSS, by his attorney Edward Zaloba, Esq., alleges as follows for his Complaint:

<u>**PRELIMINARY STATEMENT**</u>

1.    This is a civil action against the City of New York, **THE NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER DONNELL MYERS SHIELD#10314, POLICE OFFICER JOSEPH CRUZADO, SERGEANT DIGENNERO, POLICE OFFICER HINTEMAN TAX REG.#931733,** and other unidentified Police Officers, to redress the deprivation, under color of state law, of plaintiff's rights, secured by the civil rights act of 1871 42 USC §1983 and rights secured under the common law and privileges and immunities under the United States and New York State Constitutions. This action is grounded upon wrongful, unlawful, and improper acts including, without limitation, false arrest, false imprisonment, negligent and intentional infliction of emotional distress, negligence, malicious prosecution and violations of police and public duties and obligations.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §1983, §1985(3), §1986, §1988 and the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution and pursuant to Article 1, §§1, 6, 8, 9, 11 and 12 of the Constitution of the State of New York. Jurisdiction is founded upon 28 U.S.C. §1331 and §1343 and the previously mentioned statutory and constitutional provisions. That jurisdiction is founded upon the existence of a Federal question. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

3.      This matter is controversy, exceeds exclusive of interests and costs, the sum or value of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under U.S.C.§139(b) in that this is the District in which the claim arose.

## PARTIES

5.      Plaintiff KALEEK JAMAL CROSS is a citizen of the United States and a resident of Queens, New York.

6.      Defendant City of New York ("City"), at all times mentioned, was and is a municipal corporation organized according to the laws of the State of New York. Defendant New York City owns, operates, manages, directs and controls the New York City Police Department which employs the defendant police officers herein.

7.      Defendant, **POLICE OFFICER DONNELL MYERS SHIELD#10314** is and was, at all times mentioned, a Police Officer of the City of New York. He is sued individually and in his official capacity.

8.      Defendants, **POLICE OFFICER JOSEPH CRUZADO, SERGEANT DIGENNERO, POLICE OFFICER HINTEMAN TAX REG.#931733,** are and were, at all times mentioned, Police Officers of the City of New York. They are sued individually and in their official capacity.

9.      Upon information and belief, defendants Police Officers John Does, whose identities and number are presently unknown to plaintiff, are and were, at all relevant times, police officers, supervisors, and/or persons employed by the Police Department of the City of New York.

10.     Upon information and belief, at all times and in all their actions described below, defendants were acting under color of state law and within the scope of their employment as police officers, agents, servants and employees of the City of New York and under the City of New York's supervision, direction and control.

11      That the acts of the defendants alleged herein, the constitutional deprivation of the plaintiff, occurred in the County of Queens, New York, in the State of New York.

## PENDENT STATE CLAIMS

12.     That the Notice of Plaintiff's claim, the nature of the claims, and the date of, the time when, the place where and the matter in which the claim arose were duly served upon the Comptroller of the defendant, CITY OF NEW YORK, on April 3, 2008.

13.     The defendant CITY conducted an examination of Plaintiff KALEEK JAMAL CROSS, pursuant to Gen. Mun. §50-H on May 27, 2008.

14.     That more than thirty (30) days have elapsed since the Notice of Claim has been served upon the defendant and the said defendants have neglected or refused to make any adjustments or payments thereof.

15.     That this action is commenced within one (1) year and ninety days after the causes of action arose and other causes of actions within three (3) years when said action arose.

## STATEMENT OF FACTS

16.     On September 5, 2007, prior to 2:00 a.m. and thereafter, the plaintiff and Dominique Robinson were walking to the vicinity of Beach 26th Street and Seagert Avenue to buy a pack of cigarettes.

17.     Prior to reaching the corner of Beach 26th Street and Seagert Avenue, the plaintiff observed 2-3 of the defendant officers herein search a vehicle and person(s) at said location. The plaintiff knew the person being searched.

18.     After the search of said vehicle was done, the plaintiff moved towards the corner of Beach 26th Street and Seagert Avenue and plaintiff was immediately unlawfully seized, searched, detained and plaintiff was unlawfully arrested and imprisoned.

19.     The defendant officers forced plaintiff to remain at said location for a period of time, and then defendants caused plaintiff to be cuffed and transported in a squad car to the 101st precinct in Queens County. Plaintiff was unlawfully imprisoned at the 101st Precinct.

20.     The stop and seizure and prolonged detention and arrest at Beach 26th Street and Seagert Avenue was observed by other persons –witnesses.

21.     Plaintiff was transported to Central Booking in Queens County when he was processed. On September 6, 2007, plaintiff was forced to appear before Queens County Criminal Court where he was arraigned and bail was set at $10,000 over $10,000. Plaintiff was unable to make bail and remained incarcerated throughout the case.

22.     The plaintiff under Docket #2007QN049195 was falsely charged with violations of Penal Law §265.03(1)(b), 265.03-3 and 265.02-1. Furthermore, plaintiff was

alleged to be in possession of three weapons.

23.   The plaintiff was placed under arrest despite the fact that the defendant officers knew that they lacked probable cause to do so.

24.   The defendant officers Donnell Myers was the arresting officer in said matter.

25.   The defendant officers Myers, Cruzado and other said defendant officers created and provided false reports as to the facts allegedly justifying plaintiff's arrest and subsequent prosecution.

26.   The defendant officers herein started to conspire at the Beach 26th Street and Seagert Avenue where plaintiff was detained and arrested for no lawful purpose; and then at said precinct and at places and times thereafter the same defendant police officers Myers, Cruzado and Hinterman, Sgt. DiGennero and other John Doe(s) officers continued to conspire to take wrongful, unlawful and malicious actions against plaintiff to damage and injure plaintiff, without probable cause and depriving plaintiff of his constitutional rights, privileges and immunities.

27.   The plaintiff was maliciously prosecuted in Queens Criminal Court and after indictment in Queens Supreme Court the plaintiff was forced to appear on numerous dates in said Court.

28.   Solely as a result of the unlawful arrest the plaintiff was alleged to have violated his probation, under Queens Ind. # 2743/06 Probation Case# QS0772245 and plaintiff was remanded on said probation.

29.   The plaintiff's case was tried before a Jury in Queens County Supreme Court before the Honorable Judge Holder and the defendant was acquitted of all charges on or about March 19, 2008.

unlawful imprisonment and malicious prosecution was caused to suffer physical and psychological injuries, economic loss, loss of liberty, harmed and damaged in his educational career.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF, KALEEK JAMAL CROSS

41.    Plaintiff repeats, reiterates and incorporates by reference each and every allegation set forth in paragraphs "1"through "40" as if stated fully herein at length.

42.    The conduct and actions of Defendants P.O. Myers and Cruzado under color of state law and acting without probable cause, justification, or otherwise privileged, subjected plaintiff to false arrest against plaintiff's will, and plaintiff was conscious of said confinement, and said conduct and actions were done intentionally, maliciously with a deliberate indifference or with a reckless disregard for the natural and probable consequences of their acts, and subjected plaintiff to conspiracy, acts, and omissions to act without due process of law and in violation of 42 U.S.C. §1983 thereby depriving plaintiff of his rights, privileges and immunities secured by the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, including, without limitations, deprivation of the following constitutional rights, privileges and immunities:

(a)    Plaintiff was deprived of his First Amendment right to speak freely and to petition the government for redress of grievances;

(b)    Plaintiff was deprived of his Fourth Amendment constitutional right to be free from unreasonable seizures of his person;

(c)    Plaintiff was deprived of his Fourth Amendment right to be free from the use of excessive or unreasonable force;

(d)    Plaintiff was deprived of his Fourteenth Amendment right to liberty, without due process of law;

(e)    Plaintiff was deprived of his Fourteenth Amendment right to equal protection of law;

43.    As a result of the defendant's conduct, plaintiff KALEEK JAMAL CROSS was deprived of liberty, sustained emotional injury including mental suffering, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF, KALEEK JAMAL CROSS

44.    Plaintiff repeats, reiterates and incorporates by reference each and every allegation set forth in paragraphs "1"through "43" as if stated fully herein at length.

45.    Defendants **POLICE OFFICER DONNELL MYERS SHIELD#10314, POLICE OFFICER JOSEPH CRUZADO, SERGEANT DIGENNERO, POLICE OFFICER HINTEMAN TAX REG.#931733 and other defendant JOHN DOE(s) officers** under color of state law and acting without probable cause, justification, or otherwise privileged, subjected plaintiff to false arrest against plaintiff's will, and plaintiff was conscious of said confinement, and said conduct and actions were done intentionally, maliciously with a deliberate indifference or with a reckless disregard for the natural and probable consequences of their acts, and subjected plaintiff to conspiracy, acts, and omissions to act without due process of law and in violation of 42 U.S.C. §1983 thereby depriving plaintiff of his rights, privileges and immunities secured by the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, including, without limitations, deprivation of the following constitutional rights, privileges and immunities:

(a)    Plaintiff was deprived of his First Amendment right to speak freely and to petition the government for redress of grievances;

(b)    Plaintiff was deprived of his Fourth Amendment constitutional right to be free from unreasonable seizures of his person;

(c)    Plaintiff was deprived of his Fourth Amendment right to be free from the use of excessive or unreasonable force;

(d)    Plaintiff was deprived of his Fourteenth Amendment right to liberty, without due process of law;

(e)    Plaintiff was deprived of his Fourteenth Amendment right to equal protection of law;

46.    As a result of the defendant's conduct, KALEEK JAMAL CROSS was deprived of liberty, sustained great emotional injury including mental suffering, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF, KALEEK JAMAL CROSS

47.    Plaintiff repeats, reiterates and incorporates by reference each and every allegation set forth in paragraphs "1"through "46" as if stated fully herein at length.

48.    The conduct and actions of Defendants P.O. Myers and Cruzado under color of state law and acting without probably cause, justification, or otherwise privileged, subjected plaintiff to false arrest and  false imprisonment against plaintiff's will, and plaintiff was conscious of said confinement, and said conduct and actions were done intentionally, maliciously with a deliberate indifference or with a  reckless disregard for the natural and probable consequences of their acts, and subjected plaintiff to conspiracy, acts, and omissions to act without due process of law and in violation of 42 U.S.C. §1983 thereby depriving plaintiff of his rights, privileges and immunities secured by the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, including, without limitations, deprivation of the following constitutional rights, privileges and immunities:

(a)    Plaintiff was deprived of his First Amendment right to speak freely and to petition the government for redress of grievances;

(b)    Plaintiff was deprived of his Fourth Amendment constitutional right to be free from unreasonable seizures of his person;

(c)    Plaintiff was deprived of his Fourth Amendment right to be free from the use

of excessive or unreasonable force;

(d)     Plaintiff was deprived of his Fourteenth Amendment right to liberty, without due process of law;

(e)     Plaintiff was deprived of his Fourteenth Amendment right to equal protection of law;

49.     Plaintiff was conscious of said confinement/imprisonment and did not consent to same.

50.     As a result of the defendant's conduct, plaintiff KALEEK JAMAL CROSS was deprived of liberty, sustained emotional injury including mental suffering, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF, KALEEK JAMAL CROSS

51.     Plaintiff repeats, reiterates and incorporates by reference each and every allegation set forth in paragraphs "1"through "50" as if stated fully herein at length.

52.     Defendants **POLICE OFFICER DONNELL MYERS SHIELD#10314, POLICE OFFICER JOSEPH CRUZADO, SERGEANT DIGENNERO, POLICE OFFICER HINTEMAN TAX REG.#931733 and other defendant JOHN DOE(s) officers** under color of state law and acting without probable cause, justification, or otherwise privileged, subjected plaintiff to false arrest and false imprisonment against plaintiff's will, and plaintiff was conscious of said confinement, and said conduct and actions were done intentionally, maliciously with a deliberate indifference or with a reckless disregard for the natural and probable consequences of their acts, and subjected plaintiff to conspiracy, acts, and omissions to act without due process of law and in violation of 42 U.S.C. §1983 thereby depriving plaintiff of his rights, privileges and immunities secured by the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, including, without limitations,

deprivation of the following constitutional rights, privileges and immunities:

      (a)    Plaintiff was deprived of his First Amendment right to speak freely and to petition the government for redress of grievances;

      (b)    Plaintiff was deprived of his Fourth Amendment constitutional right to be free from unreasonable seizures of his person;

      (c)    Plaintiff was deprived of his Fourth Amendment right to be free from the use of excessive or unreasonable force;

      (d)    Plaintiff was deprived of his Fourteenth Amendment right to liberty, without due process of law;

      (e)    Plaintiff was deprived of his Fourteenth Amendment right to equal protection of law;

53.    Plaintiff was conscious of said confinement/imprisonment and did not consent to same.

54.    As a result of the defendant's conduct, KALEEK JAMAL CROSS was deprived of liberty, sustained great emotional injury including mental suffering, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

## AS FOR A FIFTH CAUSE OF ACTION
## MALICIOUS ABUSE OF PROCESS UNDER 42 USC 1983

55.    Plaintiff repeats, reiterates and incorporates by reference each and every allegation set forth in paragraphs "1"through "54" as if stated fully herein at length.

56.    The Defendant officers' issued legal process to place plaintiff under arrest.

57.    The Defendant officers' arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

58.     The Defendant officers' acted with intent to do harm to plaintiff without excuse or justification.

59.     The Defendant officers' aforementioned actions were conscience shocking and placed plaintiff in apprehension of emotional injuries.

60.     As a result of Defendant's conduct, plaintiff has suffered mental anguish, together with shock, fright, apprehension, embarrassment, humiliation and was otherwise harmed damaged and injured.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**LIABILITY OF DEFENDANT CITY**
**FOR CONSTITUTIONAL VIOLATIONS (STATE & FEDERAL)**

61.     Plaintiff repeats, reiterates and incorporates by reference each and every allegation set forth in paragraphs "1"through "60" as if stated fully herein at length.

62.     At all times materials to this complaint, the defendant CITY OF NEW YORK, acting through its police department, the NEW YORK CITY POLICE DEPARTMENT, had in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant police officers.

63.     The aforementioned customs policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included but not limited to arresting persons without probable cause, providing false information to prosecutors, falsifying police reports and testifying falsely under oath.

64.     On information and belief, the defendant City of New York, failed to effectively screen, hire, train, supervise and discipline its police officers and employees, including the defendant police officers and employees herein, for their ability to conduct proper and truthful police work, for their ability to investigate properly, for their ability to determine probable cause, for their implemented to fabricate and testify falsely.

65.     Upon information and belief, the existence of such de facto policies and/or well-

settled and widespread customs and practices has been known to supervisory and police-making officers and officials of the Police Department and the City of New York for a substantial period of time.

66. Upon information and belief, despite knowledge of such illegal de facto policies and practices, the supervisory and police-making officers and officials of the Police Department and the City of New York have not taken adequate steps to terminate these policies and practices, have not disciplined individuals who engage in such practices, or otherwise properly trained police officers with regard to the constitutional and statutory limits on the exercise of their authority, and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to or negligent disregard of the effect of said policies, customs and practices upon the constitutional rights of persons in the City of New York.

67. Upon information and belief, and without limiting the foregoing, the City of New York has specifically failed to terminate said practices in the following manner:

(a) Has failed to properly train, instruct, and discipline police officers with regard to the existence of probable cause;

(b) Has failed to properly train, instruct, and discipline police officers with regard to falsifying police reports and providing misleading information to prosecutors.

(c) Has failed to properly train, instruct, and discipline police officers with regard to testifying falsely under oath;

(d) Has failed to properly train, instruct, and discipline supervising officers with regard to proper review of evidence and status reports on said cases;

(e) Has failed to properly instruct, and discipline police officers with regard to perjuries testimony and police reports;

(f) Has permitted police officers to maintain the "blue wall of silence" and to conceal and fail to report the misconduct of other police officers;

(g) Has structured procedures and standards at the Civilian Complaint Review Board, the Office of Chief of Department, and Internal Affairs in such a

manner that an officer's denial of the charges is ordinarily sufficient to remove the threat of any discipline or restraint upon the officer's conduct and to prevent any objective review of the officer's conduct.

(h)  Has failed to require police officers to accept independent and objective review of civilian complaints and imposition of discipline.

(i)  Has failed to properly structure the police department to review and discipline the existence of unlawful conspiracy by defendant officers.

68.  Defendant City of New York is directly liable and responsible for the acts of defendants because it has repeatedly and knowingly failed to properly supervise, train and discipline said officers and because it repeatedly and knowingly failed to enforce the rules and regulations of the New York City Police Department and the laws of the State of New York and the United States.

69.  The knowing and repeated failure of the defendant City of New York to properly supervise, train and discipline said officers actually caused the injuries to plaintiff alleged herein.

70.  Upon information and belief, defendant City of New York knew or should have known that the acts alleged herein would deprive plaintiff of his rights without due process of law, in violation of the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution and Article 1, §§1, 6, 8, 9, 11 and 12 of the Constitution of the State of New York, including, without limitation, such rights as plaintiff's rights to freedom from loss of liberty, freedom of speech, rights to petition for redress of grievances, right to due process, and right to equal protection of the laws.

71.  The defendant City of New York is also directly liable and responsible for the acts of defendants under the doctrine of respondeat superior.

72.  As a result of the foregoing conscious policies, practices, customs and./or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as police officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior.

Such polices, practices customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff herein.

73.     As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF, KALEEK JAMAL CROSS
## NYS CONSTITUTIONAL VIOLATIONS

74.     Plaintiff repeats, reiterates and incorporates by reference each and every allegation set forth in paragraphs "1"through "73" as if stated fully herein at length.

75.     Defendants subjected plaintiff to the foregoing conspiracies, acts, and omissions to act without due process of law, thereby depriving plaintiff of rights, privileges and immunities secured by Article 1, §§1, 6, 8, 9, 11 and 12 of the New York State Constitution, including, without limitation, the following deprivations of his rights, privileges and immunities:

(a)     Plaintiff was deprived of his rights to speak freely and to petition the government for redress of grievances, in violation of §§ 8 and  9 of the Constitution of the State of New York;

(b)     Plaintiff was deprived of his rights to be free unreasonable seizures of his person; in violation of § 12 of the Constitution of the State of New York;

(c)     Plaintiff was deprived of his rights to be free from the use of excessive or unreasonable force in the course of an unlawful seizure, in violation of § 12 of the Constitution of the State of New York;

(d)     Plaintiff was deprived of his rights to liberty, without due process of law, in violation of §6 of the Constitution of the State of New York;

76.     As a result of the defendants' conduct, KALEEK JAMAL CROSS was deprived of liberty, sustained great emotional injury including mental suffering, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

## AS AND FOR A EIGHTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF, KALEEK JAMAL CROSS
## FALSE ARREST

77.     Plaintiff repeats, reiterates and incorporates by reference each and every allegation set forth in paragraphs "1"through "76" as if stated fully herein at length.

78.     By the actions described above, the defendants **POLICE OFFICER DONNELL MYERS SHIELD#10314, POLICE OFFICER JOSEPH CRUZADO, SERGEANT DIGENNERO, POLICE OFFICER HINTEMAN TAX REG.#931733 and other defendant JOHN DOE(s) officers** falsely arrested plaintiff, KALEEK JAMAL CROSS, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York.

79.     As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injury including mental suffering, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

## AS AND FOR A NINTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF, KALEEK JAMAL CROSS
## FALSE IMPRISONMENT

80.     Plaintiff repeats, reiterates and incorporates by reference each and every allegation set forth in paragraphs "1"through "64" as if stated fully herein at length

81.     By the actions described above, the defendants **POLICE OFFICER DONNELL MYERS SHIELD#10314, POLICE OFFICER JOSEPH CRUZADO, SERGEANT DIGENNERO, POLICE OFFICER HINTEMAN TAX REG.#931733 and other defendant JOHN DOE(s) officers**, each acting individually and in concert with each other, falsely imprisoned plaintiff, KALEEK JAMAL CROSS, without reasonable or probable cause, illegally and without a warrant and without any right or authority to do so.  The acts and conduct of the defendant was the direct and

proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York.

82.   Plaintiff was conscious of and did not consent to his confinement.

83.   As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation and was otherwise harmed, damaged and injured.

## AS AND FOR A TENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF, KALEEK JAMAL CROSS
## FALSE IMPRISONMENT

84.   Plaintiff repeats, reiterates and incorporates by reference each and every allegation set forth in paragraphs "1"through "83" as if stated fully herein at length

85.   By the actions described above, the defendant P.O. DONNELL MYERS and P.O. JOSEPH CRUZADO, acting individually and in concert with others, falsely imprisoned plaintiff, KALEEK JAMAL CROSS, without reasonable or probable cause, illegally and without a warrant and without any right or authority to do so.  The acts and conduct of the defendant was the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York.

86.   Plaintiff was conscious of and did not consent to his confinement.

87.   As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation and was otherwise harmed, damaged and injured.

## AS AND FOR A ELEVENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF, KALEEK JAMAL CROSS
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

88.   Plaintiff repeats, reiterates and incorporates by reference each and every allegation set forth in paragraphs "1"through "87" as if stated fully herein at length.

89.   By the actions described above, the defendants **POLICE OFFICER DONNELL MYERS SHIELD#10314, POLICE OFFICER JOSEPH CRUZADO, SERGEANT DIGENNERO, POLICE OFFICER HINTEMAN TAX REG.#931733 and other**

defendant **JOHN DOE(s) officers**, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally caused severe emotion distress to plaintiff, KALEEK JAMAL CROSS. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York.

90.     As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

**AS AND FOR A TWELEFTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF, KALEEK JAMAL CROSS
NEGATIVE INFLICTION AND
EMOTIONAL DISTRESS**

91.     Plaintiff repeats, reiterates and incorporates by reference each and every allegation set forth in paragraphs "1"through "90" as if stated fully herein at length

92.     By the actions described above, the defendants, **POLICE OFFICER DONNELL MYERS SHIELD#10314, POLICE OFFICER JOSEPH CRUZADO, SERGEANT DIGENNERO, POLICE OFFICER HINTEMAN TAX REG.#931733 and other defendant JOHN DOE(s) officers**, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotion distress to plaintiff, KALEEK JAMAL CROSS. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York.

93.     As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF, KALEEK JAMAL CROSS
## NEGLIGENCE

94.     Plaintiff repeats, reiterates and incorporates by reference each and every allegation set forth in paragraphs "1"through "93" as if stated fully herein at length

95.     Defendants, by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

(a)     failed to perform their duties as a reasonably prudent and careful police officer would have done under similar circumstances, including (but not limited to) conducting an improper and unlawful detention, seizure and arrest where the officers had neither observed a crime committed nor any suspicious behavior; and other acts which a police officer of ordinary prudence would not have done;

(b)     failed to perform their duties as reasonable and prudent officers where although plaintiff was seized without probable cause, where an alleged crime had occurred somewhere else not near plaintiff, the defendant officers still falsely imprisoned the plaintiff and continued to process an arrest.

(c)     failed to perform their duties as reasonable and prudent officers where given the facts herein no officer intervened to stop either the initial unlawful seizure or subsequent unlawful arrest and imprisonment.

(d)     hired and retained incompetent and unfit police officers whom they knew, or should have known, possessed dangerous propensities as well as  a propensity to conspire against innocent persons where said officers would conspire and falsely arrest persons when they could not capture the real perpetrator of said crime;

(e)     failed to exercise care in instructing police officers, officials,

supervisors, and civilian employees as to their department, behavior, and conduct, including (but not limited to) failing to give proper instructions as to the existence of probable cause as to the preparation and submission of accurate criminal charges, as to the consequences of bringing false criminal charges; and as to the obligation of police officers to intervene, as an affirmative duly to protect citizens threatened with deprivation of constitutional rights by other New York City police officers;

(f)        failed to establish meaningful procedures for disciplining officers a and other personnel who have engaged in such acts of misconduct.

96.    Defendant officers acting jointly and severally, negligently caused extreme emotional distress to plaintiff, CROSS,   The acts and conduct of the defendants were direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

97.    All of these acts were performed without any negligence on the part of the plaintiff and were the proximate cause of injuries to him.

98.    As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF, ANDRE SHAWN BRYAN
### NEGLIGENCE HIRING, SCREENING, RETENTION,
### SUPERVISION AND TRAINING

99.    Plaintiff repeats, reiterates and incorporates by reference each and every allegation set forth in paragraphs "1"through "98" as if stated fully herein at length.

100.    The defendants, CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants **POLICE OFFICER DONNELL MYERS SHIELD#10314, POLICE OFFICER JOSEPH CRUZADO, SERGEANT DIGENNERO, POLICE OFFICER**

HINTEMAN TAX REG.#931733 and other defendant JOHN DOE(s) officers. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff, KALEEK JAMAL CROSS, and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York, and as the defendant CITY OF NEW YORK is the employer of each defendant, defendants **POLICE OFFICER DONNELL MYERS SHIELD#10314, POLICE OFFICER JOSEPH CRUZADO, SERGEANT DIGENNERO, POLICE OFFICER HINTEMAN TAX REG.#931733 and other defendant JOHN DOE(s) officers**, and the CITY OF NEW YORK is liable to plaintiff for negligent, hiring, screening, retention, supervision and training.

101.    As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
## RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK
## FOR STATE LAW VIOLATIONS

102.    Plaintiff repeats, reiterates and incorporates by reference each and every allegation set forth in paragraphs "1"through "101" as if stated fully herein at length.

103.    The conduct of defendants **POLICE OFFICER DONNELL MYERS SHIELD#10314, POLICE OFFICER JOSEPH CRUZADO, SERGEANT DIGENNERO, POLICE OFFICER HINTEMAN TAX REG.#931733 and other defendant JOHN DOE(s) officers**, alleged herein, occurred while they were on duty in uniform, and in and during the course and scope of their duties and functions as New York City Police officers, and while they were acting as agents, officers, servants and employees of the defendant CITY OF NEW YORK. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff KALEEK JAMAL CROSS, and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York pursuant to the doctrine of respondeat

superior.

104.    As a result of the foregoing, plaintiff was deprived of liberty and sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

## MALICIOUS PROSECUTION

105.    Plaintiffs repeat, reiterate and incorporate by reference each and every allegation set forth in paragraphs "1"through "104" as if stated fully herein at length.

106.    That on or about the 5th of September, 2007, while the plaintiff was lawfully on public property, plaintiff was unlawfully seized and arrested and  thereafter the defendants, their agents, servants and employees maliciously prosecuted and detained plaintiff without any just right or grounds therefore.

107.    That the plaintiff was and is wholly innocent, and was forced by the defendants to submit to Court proceedings.

108.    That on or about the 6th of September, 2007, before a Judge of the Criminal Court of Queens County and on various other dates in 2007 and 2008, before various judges of both the Criminal Court and Supreme Court of Queens County, the defendants, their agents, servants and employees falsely and maliciously and without probable cause or provocations charged the plaintiff with crimes and offenses under the New York Penal Law.

109.    That the defendants' **POLICE OFFICER DONNELL MYERS SHIELD#10314, POLICE OFFICER JOSEPH CRUZADO,** their agents, servants and employees acting in the performance of their employment and within the scope of their authority, falsified police and court documents and falsely withheld vital information before judges of both the Criminal Court, Grand Jury and Supreme Court of Queens County.  Defendant officers Myers and Cruzado testified falsely in the Grand Jury of Queens County.

110.    That said prosecution on criminal charges and hearings were instituted and procured by the defendants, their agents, servants and employees in this action unlawfully and

maliciously and without any reasonable or probable cause whatsoever therefore. That the commencement and continuation of the criminal proceedings by the defendants against the plaintiff was without probable cause and with actual malice.

111. The plaintiff was forced to stand trial in March of 2008 in Queens Supreme Court and the plaintiff was found not guilty of all charges.

112. At said trial, the defendants **POLICE OFFICER DONNELL MYERS SHIELD#10314, POLICE OFFICER JOSEPH CRUZADO, SERGEANT DIGENNERO, POLICE OFFICER HINTEMAN TAX REG.#931733 and other defendant JOHN DOE(s) officers** testified untruthfully in furtherance of said conspiracy and further maliciously prosecuted the plaintiff.

113. That by reason of the aforesaid, unlawful and malicious prosecutions, the plaintiff, was deprived of their liberty, subjected to great indignity, humiliation, pain and great distress of mind and body and was held up to scorn and ridicule, was injured in their character and reputation, was prevented from attending his usual business and avocation, was injured in his reputation in the community and said plaintiff has been otherwise damaged.

114. As a result of the foregoing, plaintiff was deprived of liberty for approximately 195 days, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

## AS AND FOR PLAINTIFF CLAIM FOR PUNITIVE DAMAGES

115. Plaintiff repeats, reiterates and incorporates by reference each and every allegation set forth in paragraphs "1"through "114" as if stated fully herein at length.

116. The aforesaid acts of the defendant officers in violation of plaintiff's First, Fourth and Fourteenth Amendment Rights under the United States Constitution (42 U.S. C. Section 1983) and pendent laws and statues of the State of New York, showed a willful and wanton disregard to the reputation and well being of the plaintiff for which he also seeks punitive damages. The acts, conduct and behavior of the defendant officers were performed knowingly, intentionally and

maliciously by reason of which the plaintiff is entitled to an award of punitive damages where applicable.

**WHEREFORE,** the plaintiff demands the following relief jointly and severally against all of the defendants:

A.    Compensatory damages;

B.    Punitive damages;

C.    The convening and empanelling of a jury to consider the merits of the claims herein;

D.    Costs and interest and attorney's fees;

E.    Such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated:  Queens, New York
        August 18, 2008

                                            Yours, etc.,

                                            *Edward Zaloba*

                                            EDWARD ZALOBA, Esq.
                                            Attorneys for Plaintiff
                                            KALEEK JAMAL CROSS
                                            118-21 Queens Boulevard, Ste. 504
                                            Forest Hills, New York 11375
                                            (718) 261-3000